FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

Jean-Marc Zimmerman
Law Offices of Jean-Marc Zimmerman
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207
jmzimmerman@lawofficesjmz.com

Attorneys for Plaintiff Glory Licensing LLC

CV 11 - 3058

SPATT, J.
TOMLINSON, M.J.
SUMMONS ISSUED

| | |
|---|---|
| GLORY LICENSING LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CANON U.S.A., INC.,<br><br>        Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Glory Licensing LLC (hereinafter referred to as "Glory"), demands a jury trial and complains against the defendant as follows:

### THE PARTIES

1. Glory is a limited liability company organized and existing under the laws of Saint Kitts and Nevis, with its principal place of business at Springates South, Government Road, Charlestown, Nevis, Saint Kitts and Nevis.

2. Upon information and belief, Canon U.S.A., Inc. (hereinafter referred to as "Defendant" or "Canon") is a corporation organized and existing under the laws of the State of New York, having a place of business at One Canon Plaza, Lake Success, New York 11042.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is doing business and committing infringements in this judicial district and are subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## **CLAIM FOR PATENT INFRINGEMENT**

6. Plaintiff Glory repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 5 above.

7. On November 2, 1993, U.S. Patent No. 5,258,855 (hereinafter referred to as "the '855 patent") was duly and legally issued to System X, L.P. for an invention entitled "Information Processing Methodology." The '855 Patent was subsequently assigned, first to Millennium, L.P. ("Millennium") and then to Glory. A copy of the '855 patent is attached to this Complaint as Exhibit 1.

8. On November 29, 1994, U.S. Patent No. 5,369,508 (hereinafter referred to as "the '508 patent") was duly and legally issued to System X, L.P. for an invention entitled "Information Processing Methodology." The '508 Patent was subsequently assigned, first to Millennium and then to Glory. A copy of the '508 patent is attached to this Complaint as Exhibit 2.

9. On April 29, 1997, U.S. Patent No. 5,625,465 (hereinafter referred to as "the '465 patent") was duly and legally issued to International Patent Holdings, Ltd. for an invention entitled "Information Processing Methodology." The '465 Patent was subsequently assigned, first to Millennium and then to Glory. A copy of the '465 patent is attached to this Complaint as Exhibit 3.

10. On June 16, 1998, U.S. Patent No. 5,768,416 (hereinafter referred to as "the '416 patent") was duly and legally issued to Millennium for an invention entitled "Information Processing Methodology." The '416 Patent was subsequently assigned to Glory. A copy of the '506 patent is attached to this Complaint as Exhibit 4.

11. On July 25, 2000, U.S. Patent No. 6,094,505 (hereinafter referred to as "the '505 patent") was duly and legally issued to Millennium for an invention entitled "Information

Processing Methodology." The '505 Patent was subsequently assigned to Glory. A copy of the '505 patent is attached to this Complaint as Exhibit 5.

12. Glory is the owner of all right, title and interest in and to the '855 patent, the '508 patent, the '465 patent, the 506 patent and the '505 patent.

## COUNT ONE

13. Plaintiff Glory repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 12 above.

14. Canon has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '855 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems, including but not limited to its PaperToOfficePro, eCopy ShareScan, and imageWARE products, in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '855 patent without permission from Glory and will continue to do so unless enjoined by this Court.

15. Plaintiff, has been damaged by such infringing activities by the Defendant of the '855 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT TWO

16. Plaintiff Glory repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 15 above.

17. Canon has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '508 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems, including but not limited to its PaperToOfficePro, eCopy ShareScan, and imageWARE products, in which information from a hard copy document is extracted and

transmitted to an application program in a manner defined by the claims of the '508 patent without permission from Glory and will continue to do so unless enjoined by this Court.

18.    Plaintiff has been damaged by such infringing activities by the Defendant, of the '508 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT THREE

19.    Plaintiff Glory repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 18 above.

20.    Canon has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '465 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems, including but not limited to its PaperToOfficePro, eCopy ShareScan, and imageWARE products, in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '465 patent without permission from Glory and will continue to do so unless enjoined by this Court.

21.    Plaintiff has been damaged by such infringing activities by the Defendant of the '465 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

## COUNT FOUR

22.    Plaintiff Glory repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 21 above.

23.    Canon has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '506 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems, including but not limited to its PaperToOfficePro, eCopy ShareScan, and

imageWARE products, in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '506 patent without permission from Glory and will continue to do so unless enjoined by this Court.

24. Plaintiff has been damaged by such infringing activities by the Defendant, of the '506 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

### COUNT FIVE

25. Plaintiff Glory repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 24 above.

26. Canon has for a long time past and still is infringing, actively inducing the infringement of and contributorily infringing in this judicial district, the '505 patent by, among other things, importing, making, using, offering for sale, and/or selling computer hardware, software and systems, including but not limited to its PaperToOfficePro, eCopy ShareScan, and imageWARE products, in which information from a hard copy document is extracted and transmitted to an application program in a manner defined by the claims of the '505 patent without permission from Glory and will continue to do so unless enjoined by this Court.

27. Plaintiff has been damaged by such infringing activities by the Defendant, of the '505 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Glory prays for judgment against Defendant Canon on all the counts and for the following relief:

A. Declaration that the Plaintiff is the owner of the '855, '508, '465, '416 and '505 patents and that the Plaintiff has the right to sue and to recover for infringement thereof;

B. Declaration that the '855, '508, '465, '416 and '505 patents are valid and enforceable;

C. Declaration that the Defendant has infringed, actively induced infringement of, and contributorily infringed '855, '508, '465, '416 and '505 patents;

D. A preliminary and permanent injunction against the Defendant, each of its officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement, active inducement of infringement, and contributory infringement of Glory's '855, '508, '465, '416 and '505 patents;

E. An accounting for damages under 35 U.S.C. §284 for infringement of Glory's '855, '508, '465, '416 and '505 patents by the Defendant and the award of damages so ascertained to the Plaintiff together with interest as provided by law;

F. Award of Glory's costs and expenses; and

G. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

By: *[signature]*
Jean-Marc Zimmerman
Law Offices of Jean-Marc Zimmerman
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207
jmzimmerman@lawofficesjmz.com
Attorneys for Plaintiff Glory LLC

Dated: June 6, 2011
Westfield, NJ